[Civ. No. 2623. First Appellate District, Division One.—January 10, 1919.]

C. F. FISCHER et al., Respondents, v. ANNA W. HAYES, et al., Defendants; ANNA W. HAYES, Appellant.

MECHANIC'S LIEN—FORECLOSURE—CONFLICT OF EVIDENCE.—In an action for the foreclosure of a mechanic's lien, a finding of the trial court on a direct conflict of testimony that the work consisting of certain alterations and repairs to buildings was done with the full knowledge and consent of the defendant, and that the defendant did not within ten days after obtaining knowledge thereof give notice that she would not be responsible for the same by posting on the premises or filing for record in the office of the county recorder, will not be reviewed in an appellate court.

APPEAL from a judgment of the Superior Court of Alameda County. F. B. Ogden, Judge. Affirmed.

The facts are stated in the opinion of the court.

De Lancey C. Smith for Appellant.

C. L. Colvin for Respondents.

WASTE, P. J.—This is an appeal from the judgment of the lower court foreclosing certain mechanics' liens and directing the sale of the property affected thereby to satisfy the same. The court found that the work, consisting of certain alterations and repairs to the buildings on the premises, was done with the full knowledge and consent of the appellant, and that the appellant did not, within ten days after obtaining knowledge thereof, give notice that she would not be responsible for same, by posting on the premises or filing for record, the verified copy of the notice in the office of the county recorder.

From the record it appears that the appellant obtained knowledge of the work on or about the fifth day of November, 1915, and that she remained quiescent until December 4th, which date was subsequent to the time when all of said alterations and repairs had been completed.

Appellant admits in her opening brief that "the sole question presented by this appeal is whether or not there is sufficient evidence to support the finding of the trial court." The most that can be said in favor of the appeal is that there is a direct conflict in the testimony of the witnesses. This conflict was apparent to the trial judge who considered and discussed with counsel the varying testimony of the witnesses, in giving his decision from the bench. He resolved the conflict in favor of the plaintiffs, the respondents here. This court will, therefore, not review the action of the lower court in that regard.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.